**Dismiss and Opinion Filed July 27, 2022**

# S

**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01100-CV

**JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON, Appellants**
**V.**
**"DAVID" DHIRAJ RAMOLIA, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-11030**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Molberg

Appellants JMJ Development, LLC and Timothy Barton appeal from the trial court's August 18, 2021 summary judgment. Before the Court is appellants' motion for an extension of time to file their notice of appeal, appellee "David" Dhiraj Ramolia's response opposing the motion, and numerous letters filed thereafter addressing whether the summary judgment was final. For reasons stated below, we conclude the summary judgment was final and that we lack jurisdiction over the appeal because appellants filed the notice of appeal beyond the fifteen-day grace period.

**Background**

In the underlying action, appellee alleged that he and appellants entered into an agreement that he would not oppose a motion for sale of certain property in exchange for $3,000,000. Appellee subsequently sued appellants for breach of contract. Appellants filed a counterclaim for declaratory judgment that no agreement existed between the parties. Appellants also filed a third-party petition against A.J. Babaria, Bilal Khaleeq, and Dan Morenoff that asserted claims against appellee as well as the third-party defendants. By order signed on November 10, 2020, the trial court granted appellants' motion and severed out the third-party claims against Babaria, Khaleeq, and Morenoff.[1]

Appellee moved for summary judgment on his sole breach of contract claim. The trial court signed a judgment on August 18, 2021 granting appellee's motion and awarding appellee the damages he sought. The judgment recites that it "finally disposes of all parties and claims and is appealable." Appellants filed a timely motion for new trial on September 16 and an untimely notice of appeal on December 10.

**The Law**

When a party files a timely motion for new trial, a notice of appeal is due ninety days after the date the judgment is signed or, with an extension motion, fifteen days after the deadline. *See* TEX. R. APP. P. 26.1(a), 26.3. Without a timely filed

---

[1] This order is viewable on the trial court's website.

notice of appeal, this Court lacks jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal jurisdictional).

To be final for purposes of appeal, an order or judgement must dispose of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A presumption exists that an order or judgment rendered after a bench or jury trial is final, but no similar presumption exists for an order or judgment rendered without a conventional trial on the merits, such as a summary judgment. *See id.* at 199-200. Rather, an order or judgment rendered without a conventional trial on the merits is final only if it actually disposes, or "clearly and unequivocally" states it disposes, of all claims and all parties. *See id.* at 205. In *Lehmann*, the Texas Supreme Court noted that a trial court could express its intent to render a final order or judgment by including a statement that the order or judgment "finally disposes of all parties and all claims and is appealable." *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam). If it is clear, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of the judgment. A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory. *See Lehmann*, 39 S.W.3d at 200. That an order may lack a basis in law does not make it ambiguous. Error is not the same as ambiguity. *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex.

2018).  "[A]n order is final if it 'states' that it is—not if the court intends it to be."

*Id.*

**Discussion**

Since the filing of their extension motion, appellants have filed numerous letters asserting that the judgment is void or, alternatively, not final.  They assert that they filed both a motion for new trial and notice of appeal out of an abundance of caution.  For reasons that follow, we disagree with appellants' analysis.  We do not address appellants' argument that the judgment is void because, without a timely notice of appeal, we have no jurisdiction to consider the validity of the judgment.

Regarding finality, the trial court's judgment states "This judgment finally disposes of all parties and claims and is appealable."  Appellants asserts this language conflicts with the language in the order granting summary judgment on "his claims" instead of granting summary judgment on *all* claims.  However, nothing on the face of the order suggests that there is any claim or party that remains pending.  Appellants' argument might have merit had the judgment lacked the finality phrase.  However, since the judgment included a finality phrase, it was clear and unequivocal, the record is irrelevant, and further analysis is prohibited.  *See Elizondo*, 544 S.W.3d at 828-29.

We turn our attention to appellants' motion for an extension of time to file their notice of appeal.  This Court's authority to grant an extension to file a notice of appeal is limited to appeals filed within fifteen days of the deadline prescribed by

–4–

Texas Rule of Appellate Procedure 26.1. *See* TEX. R. APP. P. 26.3. Because appellants timely filed a motion for new trial, the notice of appeal was due on November 16 or, with an extension motion, December 1. *See* TEX. R. APP. P. 26.1(a), 26.3. Appellants did not file their notice of appeal until December 10. Because the notice of appeal was filed beyond the fifteen-day grace period, we lack authority to grant it.

Accordingly, we deny the extension motion and, without regard to the merits, dismiss the appeal for want of jurisdiction. *See id*. 42.3(a).

211100f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE

# S

## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JMJ DEVELOPMENT, LLC AND
TIMOTHY BARTON, Appellants

No. 05-21-01100-CV     V.

"DAVID" DHIRAJ RAMOLIA,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-11030.
Opinion delivered by Justice
Molberg. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

It is **ORDERED** that appellee "DAVID" DHIRAJ RAMOLIA recover his
costs of this appeal from appellants JMJ DEVELOPMENT, LLC AND TIMOTHY
BARTON.

Judgment entered this 27th day of July, 2022.